IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILBERT GILCHRIST,**

    Plaintiff,

v.                                                      Civil Action No. **3:14CV630**

**WARDEN, JEFFREY B. KISER,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Wilbert Gilchrist, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Particularized Complaint, (ECF No. 30), Gilchrist contends that Defendants Jeffrey B. Kiser, Roy Clary, R. Kelly, B. Kelly, John Sykes, Y. Taylor, Melissa Welch, Brian Michell, Dr. John Doe, C. Armes, M. Oslin, Dr. Edson, E. Whited, and Dr. Armette violated his rights during his incarceration in the Keen Mountain Correctional Center. The matter is before the Court for screening of Gilchrist's Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Court will dismiss all claims against Defendants Kiser, Clary, R. Kelly, B. Kelly, Sykes, Taylor, Welch, Michell, Armes, Whited, and Armette. The Court will continue to process the action for Defendants Edson, Doe, and Oslin.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require [] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41,

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Particularized Complaint,[2] Gilchrist alleges, in sum:

---

[2] In his original complaint, Wilchrist failed to name a defendant. Accordingly, by Memorandum Order entered on February 6, 2015, the Court directed Wilchrist to file a particularized complaint and warned him that the particularized complaint would supplant his original complaint. (ECF No. 17.) Wilchrist filed a Particularized Complaint and a Motion to Amend which the Court granted. (ECF No. 21.) After reviewing the Particularized Complaint, by Memorandum Order entered on November 5, 2015, the Court directed Wilchrist to file a second particularized complaint because he failed to provide defendants with fair notice of the facts and legal basis upon which their liability rested and his filing failed to comply with the joinder requirements. (ECF No. 29, at 2.) The Court again warned Gilchrist that the particularized complaint would supplant all previous complaints, must stand or fall of its own

3

> This is a civil rights action filed by Wilbert Gilchrist, a state prisoner for damages and injunctive relief under 42 U.S.C. § 1983, alleging sexual harassment, staff retaliation, conspiracy, negligence, and denial of appropriate medical care in violation of the Eighth Amendment[3] to the United States Constitution and confinement in solitary under some unsanitary conditions and in violation of the Due Process Clause of the Fourteenth Amendment[4] to the Constitution.
>
> . . . .
>
> All parties to the complaint is [sic] sued in their individual capacities. All attached documents to this complaint explains the facts and how each defendant is involved.[5] The physician[] defendants Dr. Edson and Dr. John Doe exercised deliberate indifference to Plaintiff's multiple internal stomach illness by failing to provide adequate medical internal testing and outside examination by a stomach specialist (gastroenterologist). Defendant intentionally refused to fulfill any of Plaintiff's requests for follow-up care with (gastroenterologist). As a result of Dr.

---

accord, and may not reference statements in the prior complaints. (*Id.*) On November 25, 2015, Gilchrist filed the instant Particularized Complaint. In the Particularized Complaint, Gilchrist has named entirely new Defendants. The Clerk will be DIRECTED to update the docket to reflect the Defendants named in the new Particularized Complaint.

The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization, and omits the emphasis in quotations from the Particularized Complaint.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Wilchrist mentions that his due process rights have been violated by "confinement in solitary under some unsanitary conditions," but alleges no further facts in support of this statement and names no defendants. (Part Compl. 1.) Similarly, in his opening paragraph, Gilchrist alleges sexual harassment, staff retaliation, conspiracy, and negligence but fails to elaborate on those claims or name defendants responsible for such actions.

[5] Gilchrist attached no exhibits to his Particularized Complaint. Instead, Gilchrist filed a Motion to Appoint Counsel (ECF No. 31) with an accompanying "Memorand[um] of Law" that is also labeled "Exhibit '31'"(ECF No. 32) and an "Affidavit" Memorandum labeled "Exhibit 1X" (ECF No. 33). The Memorandum of Law contains a confusing list of various allegations not made in his Particularized Complaint interspersed with medical charts, grievances, letters of his attempts to obtain counsel, and portions of the offender handbook in no discernible order. In the "Affidavit," Gilchrist explains that "the attached exhibits are in support of my reasons for my Motion for the Appointment of legal civil counsel to represent me . . . ." (ECF No. 33, at 1.) To the extent this document was intended to supplement his Particularized Complaint, the Court warned Gilchrist prior to filing a particularized complaint that it "must stand or fall of its own accord." (ECF No. 29, at 2.) Thus, the Court will not consider any new claims or facts raised in that document.

4

> Edson and Dr. John Doe's deliberate indifference to plaintiff's internal condition, plaintiff suffers further pain internally, as well as mental anguish. He continues to suffer daily from internal bleeding from his rectum off and on as well as several other internal painful daily symptoms.
>
> Plaintiff has not received my pain medications for his stomach illness. In addition to Plaintiff's stomach illness he has lost weight, over 50 pounds. His medical diet still has not been corrected as of this very date 11-12-15. I am forced to continue eating what foods I can eat off the regular food trays. Food Director M. Oslin deliberately keep sending to me, knowing I cannot and will not eat those foods that cause me more internal harm.
>
> Plaintiff keep receiving retaliatory treatment for filing civil actions and grievances against defendants, Kiser, Clary, R. Kelly, B. Kelly, Sykes, Taylor, Michell, Armes, Whited. All other Defendants involvement is evidenced in the attached _____ exhibits and documents.
>
> Defendant Sgt. B. Kelly call Plaintiff a "negger" and also said Plaintiff was the type who like to file grievances on staff but he didn't care if I filed a lawsuit because nothing was going to be done to him or the other Defendants named in this complaint.
>
> These acts represent a pattern of events demonstrating intentional retaliation against Plaintiff [Gilchrist] by Defendants for filing grievance and a civil rights action and have caused Plaintiff further mental anguish as a result.

(Part. Compl. 1–4 (paragraph numbers omitted).) The Court construes Gilchrist to raise the following claims for relief:

Claim One: Defendants Edson and Doe were deliberately indifferent to Gilchrist's stomach condition by:
(a) "failing to provide adequate medical intestinal testing" (*id.* at 2); and,
(b) failing to send Gilchrist to a gastroenterologist.

Claim Two: Defendant Oslin was deliberately indifferent to Gilchrist's stomach condition by failing to provide him with an appropriate diet for Gilchrist's medical conditions.

Claim Three: Defendant B. Kelly violated Gilchrist's rights by calling him a "negger." (*Id.* at 3.)

### III. ANALYSIS

#### A. Defendants Kiser, Clary, R. Kelly, Sykes, Taylor, Welch, Michell, Armes, Whited, and Armette

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right

5

conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Gilchrist fails to mention Defendants Welch and Armette in the body of his Particularized Complaint, much less explain how either Defendant was personally involved in the events for which Gilchrist seeks relief. Moreover, Gilchrist only mentions Defendants Kiser, Clary, R. Kelly, Sykes, Taylor, Michell, Armes, and Whited in the Particularized Complaint Davis as individuals that he has filed grievances against. (Part. Compl. 3.) "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Thus, Gilchrist has failed to state a claim against Defendants Kiser, Clary, R. Kelly, Sykes, Taylor, Welch, Michell, Armes, Whited, and Armette. Accordingly, the claims against Defendants Kiser, Clary, R. Kelly, Sykes, Taylor, Welch, Michell, Armes, Whited, and Armette will be DISMISSED WITHOUT PREJUDICE.

**B.  Defendant B. Kelly**

In Claim Three, Gilchrist alleges that Defendant B. Kelly called "Plaintiff a 'negger'" and then told Gilchrist that he did not care if Gilchrist filed a lawsuit. (Part. Compl. 3.) Gilchrist fails to identify how B. Kelly's conduct violated his constitutional rights. Moreover, to the extent he alleges a constitutional claim, verbal harassment or idle threats to an inmate, even if the

threats cause an inmate fear or emotional anxiety, do not constitute a constitutional violation. *See Moody v. Grove*, No. 89–6650, 1989 WL 107004, at *1 (4th Cir. Sept. 19, 1989) (citations omitted) ("Verbal abuse alone does not violate a constitutional right."). Accordingly, Claim Three will be DISMISSED.

### C.  Defendants Edson, Doe, and Oslin

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Gilchrist alleges that Defendants Edson, Doe, and Oslin denied him adequate medical care and a medical diet with regard to a stomach condition that has caused him internal pain and rectal bleeding. At this stage, the Court determines that Gilchrist has adequately pled an Eighth Amendment claim against Defendants Edson, Doe, and Oslin to survive the screening stage of review. Accordingly, the Court will continue to process the action with regard to Claims One and Two against Defendants Edson, Doe, and Oslin.

### IV.  CONCLUSION

For the foregoing reasons, any claim against Defendants Kiser, Clary, R. Kelly, Sykes, Taylor, Welch, Michell, Armes, Whited, and Armette will be DISMISSED WITHOUT PREJUDICE. Claim Three and B. Kelly will be DISMISSED. The Court will continue to process Claims One and Two against Defendants Edson, Doe, and Oslin. The Clerk will be DIRECTED to terminate all Defendants not named in the Particularized Complaint and to add the Defendants named in the Particularized Complaint. (*See* ECF No. 30.) For the reasons previously stated in the Court's February 6, 2015 Memorandum Order (*see* ECF No. 17), the

Court will DENY WITHOUT PREJUDICE Gilchrist's Motion to Appoint Counsel (ECF No. 31).

An appropriate Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Senior U. S. District Judge

Date: 1-27-16
Richmond, Virginia