

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**WILBERT GILCHRIST,**

      Plaintiff,

v.                                                          Civil Action No. **3:14CV630**

**JOHN DOE,** *et al.,*

      Defendants.

### MEMORANDUM OPINION

Wilbert Gilchrist, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this

42 U.S.C. § 1983 action.[1]  By Memorandum Opinion and Order entered on January 27, 2016, the

Court dismissed the action against all Defendants except for Claim One against Defendants

Edson and Doe, and Claim Two against Defendant M. Oslin.  The matter is before the Court on

Wilchrist's failure to serve Defendant Edson, and Defendant Oslin's Motion for Summary

Judgment. (ECF No. 40).  Wilchrist has responded.  (ECF Nos. 45, 56.)  For the reasons stated

below, the claims against Defendant Edson will be DISMISSED WITHOUT PREJUDICE for

Wilchrist's failure to effect timely service upon him, and Defendant Oslin's Motion for

Summary Judgment will be GRANTED.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I.    FAILURE TO SERVE DEFENDANT EDSON

Pursuant to Federal Rule of Civil Procedure 4(m),[2] Wilchrist had ninety days from the filing of the complaint to serve Defendants.[3] Here, that period commenced on February 16, 2016. By Memorandum Order entered on that date, the Court attempted to serve Defendants pursuant to an informal service agreement with the Attorney General's Office for the Commonwealth of Virginia. On March 22, 2016, the Attorney General responded that it could not accept process for Defendant Edson or Defendant Doe. (ECF No. 43.) By Memorandum Order entered on June 7, 2016, the Court noted that more than ninety days had passed and nothing before the Court indicated that Gilchrist had completed service of process on Defendant Edson.[4] The Court ordered Gilchrist to show cause, within eleven (11) days of the date of entry thereof, why the Court should not dismiss his claim against Defendant Edson. Gilchrist has responded, but fails to show good cause for his failure to serve Defendant Edson.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the ninety-day time period when the plaintiff has made "'reasonable, diligent efforts to effect

---

[2] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[3] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

[4] In that Memorandum Order, the Court directed service of process to be issued for Defendant John Doe, who Gilchrist identified as a Dr. Lard.

service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1

(E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528

(D. Md. 1999)).   Gilchrist makes no showing of good cause for his failure to serve Defendant

Edson.  Instead, he reargues his claims against Defendant Edson, and indicates that she no longer

works at Keen Mountain so he does not have her address.  (ECF No. 57, at 4.)  Gilchrist fails to

provide any information about his attempts to find an address for Defendant Edson after the

Attorney General's notice that they could not accept service on behalf of Defendant Edson in

March.  Gilchrist fails to show that he has made reasonable and diligent efforts to effect service

on Defendant Edson.  Accordingly, Gilchrist's claims against Defendant Edson will be

DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 4(m).

## II.   SUMMARY OF ALLEGATIONS

In his Particularized Complaint,[5] Gilchrist alleges the following with regard to Defendant

Oslin:

> Plaintiff has not received my pain medications for his stomach illness.  In
> addition to Plaintiff's stomach illness he has lost weight, over 50 pounds.  His
> medical diet still has not been corrected as of this very date 11-12-15.  I am forced
> to continue eating what foods I can eat off the regular food trays.  Food Director
> M. Oslin deliberately keep sending to me, knowing I cannot and will not eat those
> foods that cause me more internal harm. . . .

(Part. Compl. 3, ECF No. 30 (paragraph numbers omitted).)  The Court construed Gilchrist to

raise the following claim for relief against Defendant Oslin:

Claim Two:   Defendant Oslin was deliberately indifferent to Gilchrist's stomach
condition by failing to provide him with an appropriate diet for Gilchrist's
medical conditions.

Gilchrist seeks an unspecified amount of damages.

---

[5] The Court employs the pagination assigned to the Particularized Complaint by the
CM/ECF docketing system.  The Court corrects the punctuation, spelling, and capitalization, and
omits the emphasis, in quotations from the Particularized Complaint.

## II.    STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).  In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  However, a mere "'*scintilla* of evidence'" will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)).  "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448).  Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v.*

4

*Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Defendant R.M. Oslin, the Food Service Director at Keen Mountain Correctional Center, submits his own affidavit (Mem. Supp. Mot. Summ. J. Attach. 1 ("Oslin Aff.," ECF No. 41–1), with an attached Offender Diet Order (*id.* Encl. A, at 1), and an Informal Complaint filed by Gilchrist (ECF No. 41–2, at 1).

At this stage, the Court is tasked with assessing whether Plaintiff "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. The Court previously warned Gilchrist that "the Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law that is sworn to under penalty of perjury." (ECF No. 36, at 2.) Gilchrist failed to comply with this directive. Instead, he filed a "MEMORANDUM" with what he refers to as "AFFIDAVIT'S IN OPPOSITION" (Mem. Opp'n 1, ECF No. 45) that is comprised of the following: (1) a notarized "AFFIDAVIT" and an "LETTER OF AFFIDAVIT" that pertain to service and procedural matters (*id.* at 3–6); (2) a draft order entitled "SUMMONS" (*id.* at 7); and, (3) and an unsworn document entitled "ARGUMENT/AFFIDAVIT" that is interspersed with various exhibits (*id.* at 9–57.) [6] While Gilchrist labeled several portions of his

---

[6] Throughout this Memorandum in Opposition, a notary seal has been affixed where Gilchrist has signed the document or Gilchrist has simply written "NOTARY." None of his documents contain a jurat, but instead were merely acknowledged before a notary. An acknowledgement is used to verify a signature and to prove that an instrument was executed by the person signing it, whereas a jurat is evidence that a person has sworn as to the truth of the contents of the document. In an acknowledgement, unlike a jurat, the affiant does not swear under oath nor make statements under penalty of perjury. *See Strong v. Johnson*, 495 F.3d 134, 140 (4th Cir. 2007) (explaining that jurat uses words "subscribed and sworn" and demonstrates

Memorandum in Opposition as "affidavits," he failed to submit verified allegations in opposition to the Motion for Summary Judgment in the form of a sworn affidavit or a sworn statement as required by Federal Rule of Civil Procedure 56 despite the Court's prior warning that he must do so. (*See* ECF No. 36, at 1–2 (citing Fed. R. Civ. P. 56(c)(4))).[7] Gilchrist also attached to his Memorandum in Opposition various medical records and old Offender Diet Orders from former places of incarceration. However, "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (citation omitted). "For documents to be considered, they 'must be authenticated by and attached to an affidavit' that meets the strictures of Rule 56." *Campbell v. Verizon Va., Inc.*, 812 F. Supp. 2d 748, 750 (E.D. Va. 2011) (quoting *Orsi*, 999 F.2d at 92). Gilchrist's submissions run afoul of these rules. Accordingly, the Court will not consider these medical records in connection with the Motion for Summary Judgment.

Furthermore, no need exists to catalog the entirety of inadmissible evidence previously submitted by Gilchrist because he fails to cite to the Court any evidence, such as his Particularized Complaint,[8] that he wishes the Court to consider in opposition to the Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment); *Forsyth v. Barr*, 19 F.3d

---

an oath was rendered); *Goode v. Gray*, No. 3:07cv189, 2009 WL 255829, at *2 n.6 (E.D. Va. Feb. 3, 2009). Thus, the various components of the Memorandum in Opposition fail to constitute admissible evidence.

[7] At most, in his first "AFFIDAVIT" in which Gilchrist discusses service matters, not those matters raised in the Motion for Summary Judgment, Gilchrist states that he was "first being duly sworn." (Mem. Opp'n 3.) This document again has no jurat.

[8] Gilchrist's Particularized Complaint again has a notary seal but fails to indicate that he was administered an oath. Gilchrist also failed to swear to the contents of the Particularized Complaint under penalty of perjury. The Particularized Complaint fails to constitute admissible evidence. *United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."). Gilchrist's failure to submit admissible evidence permits the Court to rely solely on the submissions of Defendants in deciding the Motion for Summary Judgment.

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Gilchrist.

### III. UNDISPUTED FACTS

On March 12, 2015, the Keen Mountain Health Authority issued an Offender Diet Order that indicated that Gilchrist should receive a therapeutic diet that contains no red meat as written in his medical records. (Oslin Aff. Encl. A, at 1.) Defendant Oslin explains that this Offender Diet Order indicates that Gilchrist may receive a regular diet with no red meat and that the order included no other dietary restrictions. (Oslin Aff. ¶ 4.) Gilchrist complains that beans are being substituted for red meat. (*Id.*) "Beans are an acceptable protein substitute for red meat and this substitution is in compliance with Virginia Department of Corrections dietary guidelines." (*Id.*) Defendant Oslin has received no direction from medical staff that Gilchrist should not be served beans. (*Id.*) Defendant Oslin avers that "[d]ecisions regarding special diets are made by medical staff" and that he "do[es] not substitute [his] own judgment regarding an offender's dietary needs." (*Id.* ¶ 5.)[9]

---

[9] Gilchrist was incarcerated at Keen Mountain Correctional Center ("Keen Mountain") until approximately April 22, 2016. (*See* ECF No. 46, at 1.)

## IV.   ANALYSIS

To survive a Motion for Summary Judgment on an Eighth Amendment claim, Gilchrist must demonstrate that Defendant Oslin acted with deliberate indifference to his serious medical needs. *See Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show that the official in question subjectively recognized a substantial risk of harm. . . . [and] that the official

8

in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

Gilchrist fails to put forth evidence that Defendant Oslin acted with deliberate indifference. The uncontroverted evidence establishes that the medical department ordered Gilchrist to receive a regular diet but with no red meat. Defendant Oslin provided meals in accordance with the order from the medical department. Gilchrist puts forth no evidence that Defendant Oslin perceived that providing Gilchrist with beans as a substitute for meat posed a substantial risk of serious harm to Gilchrist. Defendant Oslin avers that he did not receive an order from the medical department that Gilchrist could not receive beans in his meal. (Oslin Aff. ¶ 4.) Moreover, Defendant Oslin avers that "[d]ecisions regarding special diets are made by medical staff" and that he "do[es] not substitute [his] own judgment regarding an offender's dietary needs." (*Id.* ¶ 5.) Because Defendant Oslin was unable to alter Gilchrist's diet, was following medical orders, and was not aware that the provision of beans posed a serious risk of serious harm to Gilchrist, Gilchrist fails to establish that Defendant Oslin acted with deliberate indifference to his medical needs. *See Perry v. Jones*, No. 3:14CV71, 2016 WL 2747262, at *4 (E.D. Va. May 10, 2016) (citation omitted) (granting summary judgment to kitchen supervisor on Eighth Amendment claim because he had no authority to change medically-ordered diet); *see also McCoy v. Ebron*, No. 3:11CV730, 2013 WL 2422767, at *5 (E.D. Va. June 3, 2013). Thus, Gilchrist has failed to demonstrate that Defendant Oslin violated his Eighth Amendment rights.

## V.      OUTSTANDING MOTIONS

The Court received from Gilchrist a Memorandum (ECF No. 48) and an "ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER OR P. INJUNCTION" (ECF

Nos. 49, 50, 51) in which he complains about his medical care and his diet at Wallens Ridge State Prison. The relief Gilchrist seeks in these submissions is against parties who are not defendants in the current action and is based upon new allegations. Accordingly, Gilchrist's "ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER OR P. INJUNCTION" (ECF Nos. 49, 50, 51) will be DENIED. Gilchrist remains free to file a complaint against these individuals in a new action in the appropriate venue.[10]

## CONCLUSION

Accordingly, Defendant's Oslin's Motion for Summary Judgment (ECF No. 40) will be GRANTED. Claim Two will be DISMISSED. The claims against Defendant Edson will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7-11-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[10] Any Wallens Ridge State Prison defendant likely resides in the Western District of Virginia, and the events giving rise to this action are alleged to have occurred in the Western District of Virginia. Thus, pursuant to 28 U.S.C. § 1391(b), the proper venue for this action would likely be in the Western District of Virginia and is not in the Eastern District of Virginia.